Bernard F. BYGOTT, Jr., John Mahalis, John O'Toole, Gregory Patton and Joseph Snyder

v.

LEASEWAY TRANSPORTATION COR-PORATION, Terminal Personnel, Inc., Signal Delivery Service, Inc. and High-way Truck Drivers and Helpers Local 107.

Civ. A. No. 84–2229.

United States District Court, E.D. Pennsylvania.

June 10, 1986.

Judith B. Chomsky, Philadelphia, Pa., for plaintiffs.

Gregory J. Miller, Cleveland, Ohio, Thomas Elliott, Thomas Bender, Philadelphia, Pa., for Leaseway Transp. Corp., Terminal Personnel, Inc., & Signal Delivery Service, Inc.

Thomas Jennings, William Einhorn, Philadelphia, Pa., for Highway Truck Drivers and Helpers Local 107.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are defendant Highway Truck Drivers and Helpers Local 107's ("Local 107" or the "union") motion for a continuance of the plaintiffs' motion to allow discovery; plaintiffs' motion for summary judgment on the issue of damages; plaintiffs' motion for court-ordered attorneys' fees; plaintiffs' motion for other attorneys' fees; Local 107's motion for

sanctions; and plaintiffs' motion for sanctions. For the reasons stated herein, Local 107's motion for a continuance to allow discovery will be denied; plaintiffs' motion for summary judgment on the issue of damages will be granted in part and denied in part; plaintiffs' motion for court-ordered attorneys' fees will be granted in part and denied in part; plaintiffs' motion for other attorneys' fees will be granted in part and denied in part; Local 107's motion for sanctions will be denied; and plaintiffs' motion for sanctions will be granted.

## FACTS

The facts in this case have been substantially chronicled by this court in a previous opinion. *Bygott v. Leaseway Transportation Corp.*, 622 F.Supp. 774 (E.D.Pa.1985). The court held there that a genuine issue of material fact existed and precluded summary judgment. The court believed that a dispute existed at that time with respect to whether the union fairly and adequately investigated a grievance signed and filed by Local 107 union members, and also as to whether Terminal Personnel, Inc. ("TPI") and Signal Delivery Service, Inc. ("Signal") were alter ego employers or were single employers. The terms "alter ego employer" and "single employer" are used here and in these proceedings as specially defined employer-employee relationships developed through a course of litigation and case law for purposes of resolving certain types of labor disputes. *See* 622 F.Supp. at 780 (cases cited therein). For purposes of this opinion, however, TPI, Signal, and Leaseway Transportation Corporation ("Leaseway") are simply referred to hereinafter as the "employers."

The issues of liability and damages were bifurcated by the court before trial, and the liability issue was subsequently tried before a jury. Plaintiffs represented a class, certified by the court on September 23, 1985, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class comprised the members of Local 107.[1] On November 6, 1985, the jury rendered its verdict finding that Local 107 breached its duty of fair representation and that Signal and TPI were not alter egos or single employers. *See* 622 F.Supp. at 782 n. 11. Local 107 moved for judgment notwithstanding the verdict or, in the alternative, for a new trial, which motion was denied on December 11, 1985. On January 10, 1986, Local 107 appealed the Final Judgment and Order that followed the denial of the union's post-trial motions.

Four days later, on January 14, 1986, plaintiffs launched the initial salvo of motions presently before the court. Plaintiffs seek attorneys' fees and litigation expenses under two theories. First, plaintiffs argue that they are entitled to summary judgment on the issue of damages, which damages include attorneys' fees and litigation expenses. Under this theory, plaintiffs contend that attorneys' fees and litigation expenses are an integral element of damages. Second, plaintiffs argue that they are entitled to attorneys' fees and costs under either the "common benefit" exception or the "bad faith" exception to the American Rule that requires parties to pay their own attorneys for fees incurred.

Local 107 counter-salvoed on January 27, 1986, and argued that plaintiffs' motions were filed too late under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), that the union's January 10, 1986 appeal divested this court of jurisdiction to rule upon plaintiffs' motions, and that, on the merits, plaintiffs' motions should be denied. In addition to answering plaintiffs' motions, Local 107 moved for imposition of sanctions on plaintiffs under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). The union argued that, because of Rule 59(e) and because this court is without jurisdiction to decide plaintiffs' motions, plaintiffs' motions are not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and were imposed for an im-

---

1. In particular, plaintiffs represented the class of all Signal employees on the Line Haul Seniority List as of December, 1983, who were deprived of work opportunities due to the termination of the contract between Signal and TPI.

proper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See* Rule 11. Local 107 also moved for a continuance to enable the union to make discovery into plaintiffs' calculation of attorneys' fees.

On February 12, 1986, plaintiffs fired back a double-barreled reply to Local 107's opposition to plaintiffs' motions that included an answer to Local 107's motion for Rule 11 sanctions, and their own motion for Rule 11 sanctions asserting the same reasons that the union had used in its Rule 11 motion. *See* Rule 11.

On March 13, 1986, plaintiffs filed a document headlined "Plaintiffs' Second Supplemental Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment for Damages and Motion for Attorneys' Fees and Litigation Expenses." In this document, plaintiffs set forth in detail their attorneys' fees and litigation costs and their legal arguments under *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) ("Lindy II"); *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) ("Lindy I"), and the progeny of those cases. This document will be treated as a motion for attorneys' fees, and will be considered together with the document filed by plaintiffs on January 14, 1986, which seeks a court Order that plaintiffs are entitled to attorneys' fees and litigation costs.

On March 28, 1986, Local 107 filed a supplemental answer to plaintiffs' motion for summary judgment for damages and motion for attorneys' fees and litigation expenses. The union reiterated the arguments it made in its first brief and, not unexpectedly, raised some new ones. In particular, the union challenged plaintiffs' counsel's billing rates, calculation of hours spent on this case, and the application of a multiplier.

## DISCUSSION

### 1. *Preliminary Issues*

At the outset, the court must determine whether it has subject matter jurisdiction over plaintiffs' motions and, if the court finds that it has jurisdiction, whether plaintiffs' motions are precluded by the operation of Rule 59(e).

### (a) *Subject Matter Jurisdiction*

█ Local 107 argues that when it filed a notice of appeal with the United States District Court on January 10, 1986, jurisdiction over this case was transferred from the district court to the United States Court of Appeals for the Third Circuit. Consequently, according to the union, this court is without jurisdiction to consider plaintiffs' motion for summary judgment for damages and motion for attorneys' fees and litigation expenses. In support of its position, the union cites *United States v. Lafco*, 520 F.2d 622 (3d Cir.1975); *Walker v. Felmont Oil Corp.*, 262 F.2d 163 (6th Cir.1958); and Moore's Federal Practice ¶ 203.11.

Neither of the cases cited by Local 107 pertain to a district court's jurisdiction to decide an attorneys' fees petition after an appeal is filed on the underlying case. In *Lafco*, the third circuit held that a district court did not have jurisdiction to take more evidence after it had issued a final Order enforcing a summons issued by the Internal Revenue Service and an appeal was filed, unless the steps taken by the district court were to assist the court of appeals in its determination. In *Walker*, the United States Court of Appeals for the Sixth Circuit held that the district court did not have jurisdiction to receive a supplemental complaint filed under Rule 15 of the Federal Rules of Civil Procedure to cure jurisdictional defects after the appeal was filed. Moore's Federal Practice ¶ 203.11 also does not address the issue of whether the filing of an appeal on the underlying lawsuit divests the district court over a petition for attorneys' fees. Instead, that section merely states the general rule that an appeal transfers jurisdiction over matters in-

volved in the appeal from the district court to the court of appeals.

Numerous cases in this and other circuits hold that a district court retains jurisdiction to decide an attorneys' fees petition after the underlying case has been appealed. *Todd Shipyards Corp. v. Auto Transp., S.A.,* 763 F.2d 745 (5th Cir.1985); *Venen v. Sweet,* 758 F.2d 117 (3d Cir.1985); *Alcorn County, Miss. v. U.S. Interstate Supplies,* 731 F.2d 1160 (5th Cir.1984); *West v. Keve,* 721 F.2d 91 (3d Cir.1983). These cases are of two types. The first are those cases where attorneys' fees are an integral part of the damages award. The other type are those cases in which the attorneys' fees are collateral to the merits of the case.

The court turns first to those cases where attorneys' fees are an integral part of damages. *See Todd Shipyards Corp., supra; Alcorn County, Miss., supra.* Those cases follow the traditional rule that an appeal is not valid where the district court's Order is not final. *Venen v. Sweet,* 758 F.2d 117, 120–121, n. 2 (3d Cir.1985); *Cape May Greene, Inc. v. Warren,* 698 F.2d 179 (3d Cir.1983); *Shipbuilding & Dry Dock Co. v. Benefits Review Bd.,* 535 F.2d 758 (3d Cir.1976). If the appeal is a nullity, the district court continues to have jurisdiction over the case. In *Todd Shipyards, supra,* the United States Court of Appeals for the Fifth Circuit held that, in an admiralty case, the district court's Order was not final until the district court had entered an attorneys' fee award. The *Todd Shipyards* court reasoned that attorneys' fees in an admiralty case were an integral part of the case and were not a collateral matter. Similarly, the *Alcorn County* court believed that attorneys' fees, like treble damages, were a part of the statutory scheme to encourage private enforcement of the RICO statute. Consequently, that court held that attorneys' fees under RICO were a mandatory part of damages and that the time for appeal ran from the date on which the district court entered a judgment awarding plaintiff attorneys' fees.

On the other hand, a second line of cases considers circumstances where attorneys' fees were permitted as a recovery collateral or incidental to recovery on the main cause of action. *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *West v. Keve,* 721 F.2d 91 (3d Cir.1983). In both *White, supra,* and *West supra,* attorneys' fees awards made by the district courts under 42 U.S.C. § 1988 while an appeal of the underlying cause of action was pending before the appellate courts were affirmed. In both cases, the district courts retained jurisdiction after the appeals of the cases were filed to award attorneys' fees to the parties which had prevailed in district courts.

Applying these principles in the present case, the court believes that, regardless of whether attorneys' fees in this case are characterized as damages or as a collateral matter, the court retains jurisdiction over plaintiffs' motions. If plaintiffs' claim for attorneys' fees is an integral element of damages, then the court's November 7, 1985 Order was not a final judgment from which Local 107 could appeal, and therefore this court retains jurisdiction to determine plaintiffs' motions. If, however, plaintiffs' claim for attorneys' fees is collateral to the underlying action, the appeal of the underlying case did not transfer jurisdiction over the attorneys' fees issue from this court to the court of appeals and that question is still before the court. Therefore, Local 107's appeal of the case does not bar the determination of plaintiffs' motions.

### (b) *Timeliness of Plaintiffs' Motions*

The court now turns to Local 107's argument that plaintiffs' motions are untimely. Local 107 directs the court's attention to Rule 59(e). According to Local 107, Rule 59(e) bars a motion to alter or amend a judgment unless the motion is filed within ten days of the entry of the judgment. Noting that judgment here was filed on November 7, 1985, and plaintiffs' motions were filed in January, 1986, well after the

ten day period, Local 107 argues that plaintiffs' motions are untimely.

Rule 59(e) provides as follows:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

Fed.R.Civ.P. 59(e).

A legion of cases have interpreted Rule 59(e) in the attorneys' fees context. Local 107 and plaintiffs have cited many of these cases. Local 107 asserts that, under these cases, a motion for attorneys' fees is considered a motion to alter or amend judgment and subject to Rule 59(e) time limitations. Plaintiffs predictably argue to the contrary that, under these cases, a motion for attorneys' fees is not a motion to alter and amend judgment and is not subject to Rule 59(e) time limitations.

In the present case, the court believes that under the cases, as discussed below, Rule 59(e) does not preclude plaintiffs' motions for two reasons. First, Rule 59(e) presupposes the entry of a final judgment. If plaintiffs are correct that they are entitled to receive attorneys' fees as an element of damages against Local 107, the November 7, 1985 judgment is not a final judgment eligible for amendment under Rule 59(e). This is because the damages portion was bifurcated, and the jury decided only the liability portion of the case. The judgment Order, which awarded judgment in favor of plaintiffs and against Local 107 in obedience to the jury's answers to the special interrogatories, does not purport to address the damages portion of the case. Therefore, if attorneys' fees are an element of damages, and possibly the only element, that portion of the case is left undecided.

Second, if plaintiffs are correct that they are entitled to attorneys' fees under the common benefit theory or the bad faith theory, attorneys' fees are collateral to the merits. In this case, for the reasons discussed below, Rule 59(e)'s time limitations do not apply.

In order to understand the application of Rule 59(e) time restrictions to motions for attorneys' fees, the court believes that some background explanation of the principles permitting the award of attorneys' fees is necessary. The American Rule is that each party must pay their own attorneys' fees and expenses. To this well-settled general rule, many exceptions have been created by Congress and the courts. For example, federal statutes frequently permit prevailing parties to recover attorneys' fees. *See, e.g.,* 18 U.S.C. § 1964(c); 42 U.S.C. § 1988; Fed.R.Civ.P. 11. Under some statutes, Congress intended that attorneys' fees be awarded as damages, *e.g., Todd Shipyards, supra,* and, under other statutes, Congress intended that attorneys' fees be awarded as an award, collateral to the merits of the case. *E.g., White v. New Hampshire Dept. of Employment Security, supra.* Additionally, under some circumstances, attorneys' fees may be awarded, even though there is no statutory basis for awarding them. The award is based on the court's inherent authority. For example, attorneys' fees may be awarded where a party's claim or defense is frivolous, unreasonable, or groundless, or where the party continues to litigate after the claim or defense clearly became frivolous, unreasonable, or groundless. *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), *quoting Christianburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978) (the "bad faith" exception or theory). The court may also award attorneys' fees to plaintiff, by prevailing in its lawsuit, by conferring "a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." *Mills v. Electric Auto-Lite,* 396 U.S. 375, 393–94, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970), *quoting Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973) (the "common benefit" exception or theory).

With this background,[2] the court turns to whether the Rule 59(e) time limitations apply to motions for attorneys' fees. The seminal case on this issue is *White v. New Hampshire Dept. of Employment Security, supra.* In *White,* plaintiff filed a petition for attorneys' fees four and a half months after the judgment was entered. Plaintiff claimed to be entitled to attorneys' fees on the basis of the common benefit theory. The Supreme Court of the United States held that Rule 59(e) did not bar plaintiff's motion because, the Court reasoned, Rule 59(e) was not intended to effect matters collateral to the merits of the case. A petition for attorneys' fees filed under the common benefit theory, the Court said, was a collateral matter and not subject to Rule 59(e) time limitations. The Court explained that the application of Rule 59(e) to attorneys' fees petitions would promote unnecessary and undesired litigation and would deprive counsel of time to negotiate a fee settlement. *See also, Inmates of Allegheny County Jail v. Pierce,* 716 F.2d 177 (3d Cir.1983). The third circuit has also held that *White* prevents application of the Rule 59(e) period to attorneys' fees sought under the bad faith theory. *Kane Gas Light & Heating v. International Brotherhood of Fireman & Oilers, Local 112,* 687 F.2d 673, 677 n. 5 (3d Cir.1982). Accordingly, in the instant case, the court finds that Rule 59(e) does not bar plaintiffs' claim for attorneys' fees under the common benefit theory or the bad faith theory.

### 2. *Right to Recover Attorneys' Fees*

Having determined that the union's appeal and that Rule 59(e) does not bar this court from deciding plaintiffs' motion, the court proceeds to whether plaintiffs are entitled to recover attorneys' fees under any exception to the American Rule. Each of plaintiffs' theories will be considered.

### (a) *The Common Benefit Theory*

Plaintiffs argue that they are entitled to recover attorneys' fees from the union which were incurred in their lawsuit against the union. Plaintiffs rely on *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973) and *Harrison v. United Transportation Union,* 530 F.2d 558 (4th Cir.1975), *cert. denied,* 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976).

In *Hall,* the Supreme Court held that plaintiff may recover attorneys' fees from a union or corporate treasury where the outcome of plaintiff's suit confers a substantial benefit on an ascertainable class and the court's jurisdiction makes the award operate to spread costs proportionately among them. The United States Court of Appeals for the Fourth Circuit in *Harrison,* relying on *Hall,* held that plaintiff was entitled to an award of attorneys' fees under the common benefit theory. Plaintiff, in *Harrison,* proved that his union breached its duty of fair representation because the union had agreed with the employer not to prosecute plaintiff's grievance in return for the employer's agreement to reinstate another employee. The *Harrison* court, awarding plaintiff attorneys' fees in his case against the union, reasoned that plaintiff had vindicated the rights of all union members to have the union fairly represent each individual member's grievance against an employer. In a case with similar facts to *Harrison,* the third circuit awarded plaintiff attorneys' fees from the union because plaintiff "rendered a substantial service to the union and the persons it represents by protecting a member's right to be hired directly by an employer or through a specific request of the union.... [His lawsuit] serve[d] to dispel the chill cast upon members who

---

**2.** Plaintiffs' claim for attorneys' fees as an element of damages is composed of a claim for attorneys' fees incurred with respect to their suit against the union and a claim for attorneys' fees incurred with respect to their suit against the employers. Plaintiffs' claim for attorneys' fees with respect to their suit against the union clearly is controlled by the American Rule and its exceptions. Plaintiffs' claim for attorneys' fees with respect to their claim against the employers, however, is not within the purview of the American Rule and its exceptions. Instead, this claim is an ordinary claim for damages. *See Dutrisac v. Caterpillar Tractor Co.,* 749 F.2d 1270 (9th Cir.1983).

might otherwise not take advantage of these special hiring alternatives." *Emmanuel v. Omaha Carpenters District Council,* 560 F.2d 382 (3d Cir.1977).

The court believes that, if there was ever a case in which plaintiff should be awarded attorneys' fees under the common benefit theory, this is the case. The plaintiffs' grievance was signed by 109 union members. Although the 109 members did not know whether or not they had a legal remedy, each of them believed and had the right to expect that their union would fairly investigate and consider their grievance. Each of them had the right to have their union act fairly in their behalf. The jury, after a full trial, found, however, that Local 107 did not act fairly. In fact, the jury found that the union acted in an arbitrary and perfunctory manner. In this circumstance, the jury's verdict in this case, as in few others, vindicated the right of the individual members of Local 107 to be fairly represented by their union. The members should be able to expect, as a result of the verdict, that Local 107 officials will treat grievances with greater care and respect than they treated the grievance here. The court believes that the right of all Local 107 members to have their grievances fairly investigated and considered has been vindicated by this lawsuit. Plaintiffs' success against the union for its arbitrary and perfunctory investigation and consideration of plaintiffs' grievance has benefited, and will continue to benefit, each union member. For these reasons, the court believes that plaintiffs are plainly entitled to receive attorneys' fees for their lawsuit against the union, based on the common benefit theory.

█ Plaintiffs, however, did not prevail against the employers. Thus, their lawsuit against the employers conferred no common benefit on the members of the union.

Plaintiffs are not entitled to recover attorneys' fees from the union incurred in their lawsuit against the employers on the common benefit theory.[3]

#### (b) *The Bad Faith Theory*

Plaintiffs argue that they are entitled to receive attorneys' fees under the bad faith theory from the union for their lawsuit against the union. The court believes, however, that, having already determined that plaintiffs are entitled to receive attorneys' fees under the common benefit theory from the union for their lawsuit against the union, the court need not consider plaintiffs' bad faith argument. *See Hall v. Cole,* 412 U.S. at 15, 93 S.Ct. at 1951.

#### (c) *Attorneys' Fees as Damages*

█ Finally, the court turns to plaintiffs' claim that they are entitled to recover as an element of damages all of their attorneys' fees. This claim has two parts to it. First, plaintiffs argue that they are entitled to an award of attorneys' fees for their lawsuit against Local 107. Second, plaintiffs argue that they are entitled to recover attorneys' fees for the portion of their lawsuit against the employers.

The United States Court of Appeals for the Sixth Circuit has held that a plaintiff, who had prevailed against his union for breach of fair representation and against his employer for wrongful discharge, was entitled to recover from his union all of his attorneys' fees as an element of damages. *Scott v. Local Union 377,* 548 F.2d 1244 (6th Cir.1977). The *Scott* court stated, in pertinent part:

A different situation is presented, however, in his action against the Union, for in that action the principal element of Scott's damages is the amount which it cost him in attorney fees and other ex-

---

3. Local 107 argues that plaintiffs are not entitled to attorneys' fees under the common benefit theory because plaintiffs did not prevail against the employers. The union's argument is misplaced. Plaintiffs' successful litigation against the union conferred a real benefit on the members of the union by vindicating their right to have their grievances treated fairly. Thus, the court will award attorneys' fees to this portion of the case to plaintiffs under the common benefit theory. With respect to the unsuccessful portion of the lawsuit which was against the employers, the union members did not benefit by the outcome, and attorneys' fees for this portion of the case will not be awarded to plaintiffs.

penses to do that which the union was obliged but failed to do on his behalf. He was, therefore, entitled to include in his damages against the Union the amount which he reasonably expended in attorney fees and other costs in prosecuting his claim against the company, costs which he would not have incurred but for the Union's breach of its duty to represent him fairly and in good faith. *Czosek v. O'Mara*, 397 U.S. 25, 29, 90 S.Ct. 770, [773] 25 L.Ed.2d 21 (1970); See also, *Harrison v. United Transportation Union*, 530 F.2d 558, 562 (4th Cir.1975), *cert. denied*, 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976); *De Arroyo v. Sindicato de Trabajadores Packinghouse*, 425 F.2d 281, 293 n. 17 (1st Cir. 1970).

548 F.2d 1246. Several other circuit courts have also determined that attorneys' fees may be awarded as an element of damage in an action against a union for breach of fair representation. *See Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270 (9th Cir.1983); *Seymour v. Olin Corp.*, 666 F.2d 202 (5th Cir.1982); *Self v. Drivers, Chauffeurs, Warehousemen, Etc.*, 620 F.2d 439 (4th Cir.1980); *De Arroyo v. Sindicato de Trabajadores Packinghouse*, 425 F.2d 281 (1st Cir.1970). *See also, Chuy v. National Football League Players Association*, 495 F.Supp. 137 (E.D.Pa.1980) (Huyett, J.).

If, in this case, Local 107 had fairly represented its members, the union may have incurred the attorneys' fees in pursuing plaintiffs' grievance against the employers. Here, however, the union did not fairly represent its members in sufficient depth to allow it to decide the question of the need for a lawsuit. It passed over to the plaintiffs the need to make that decision by failing to fully consider the grievance itself. By so doing, the union, in addition to avoiding the cost of the prosecution of plaintiffs' grievance, caused plaintiffs to make the litigation decisions for themselves, which they did and for sound reasons. The fact that the plaintiffs did not prevail and the fact that the union may have investigated the grievance and then

fairly decided not to prosecute. it is of no consequence now. By acting arbitrarily and perfunctorily, the union abdicated to the plaintiffs it's right to direct the prosecution of plaintiffs' grievance. As a result of Local 107's breach, the attorneys' fees incurred in pressing plaintiffs' grievance was shifted onto the plaintiffs' backs. These attorneys' fees consequently were the harm to plaintiffs caused by the union's breach. *Dutrisac*, 749 F.2d at 1275. Local 107 argues that attorneys' fees should not be awarded as damages because plaintiffs did not prevail against the employers. As stated above, Local 107's argument is without merit. The statutory scheme in labor law does not contemplate that a union, fearing *some* risk that employers may prevail at trial, may refuse to fairly pursue a grievance, thus shifting the cost of attorneys' fees from its own coffers to its individual members' pockets if the employers eventually do prevail at trial. *Del Casal v. Eastern Airlines, Inc.*, 634 F.2d 295 (5th Cir.1981). Consequently, the attorneys' fees incurred by plaintiffs in their suit against the employers are plaintiffs' damages caused by the union's breach of its duty of fair representation owed to plaintiffs, regardless of the outcome of the suit against the employers. Accordingly, plaintiffs' motion for summary judgment will be granted to the extent that they seek attorneys' fees as damages resulting from their suit against the employers and denied to the extent they seek attorneys' fees as damages resulting from their suit against the union for its breach of fair representation.

■ Plaintiffs' claim for attorneys' fees incurred in their case against the union must be distinguished from the fees incurred in the case against the employers. Attorneys' fees incurred in the suit against the union were the result of the harm caused by the union's breach of its duty of fair representation owed directly to the plaintiffs. These fees, then, may only be awarded against the union as prescribed by the American Rule and its exceptions, such as the common benefit exception. Attor-

neys' fees incurred in the suit against the employers, on the other hand, were incurred by plaintiffs because they were fees that should have been borne by the union, but were passed on to the plaintiffs as a direct consequence of the union's failure to fulfill a duty owed to plaintiffs.

(d) *Summary*

For the above reasons, plaintiffs are entitled to receive attorneys' fees incurred against the union under the common benefit theory and attorneys' fees incurred against the employers as an element of damages.

3. *Calculation of Attorneys' Fees*

■ Having determined that plaintiffs are entitled to recover attorneys' fees, the court must calculate those fees. Guidance for the calculation is found in third circuit law, beginning with *Lindy I.* The court is directed first to calculate a lodestar figure.

The lodestar, which is the reasonable value of the attorneys' services, is reached by multiplying the reasonable number of hours spent by the attorneys working to benefit their clients' case times the reasonable hourly rate of each attorney. *Id.* After the lodestar is calculated, it is multiplied by a multiplier, which takes into account the likelihood of success, any unusual quality of work, and the time value of money since attorneys began working on the case. *Id.*

In the present case, plaintiffs were represented by Judith Chomsky, Esquire ("Chomsky") and Ira Katz, Esquire ("Katz"). The attorneys were assisted by a paralegal (the "paralegal"). Chomsky was the lead counsel and trial counsel.

In her affidavit, Chomsky testified that she spent hours on the case as follows:

| | The Case Against The Union[4] | The Case Against The Employers |
|---|---|---|
| Preparation of Pleadings | 12.0 | 0.5 |
| Preliminary Injunction | 6.5 | 2.0 |
| Discovery | 22.75 | 62.75 |
| Motion to Dismiss | 0.25 | 3.0 |
| Motion for Summary Judgment | 22.0 | — |
| Other Pretrial Motions and Preparation | 35.56 | 28.44 |
| Trial Time | 36.12 | 5.88 |
| Post-Trial Motions and Letters | 45.5 | — |

In his affidavit, Katz testified as follows:

| | The Case Against The Union | The Case Against The Employers |
|---|---|---|
| Preparation of Pleadings | 1.0 | — |
| Preliminary Injunction | 11.75 | 4.75 |
| Discovery | 27.65 | 5.25 |
| Motion to Dismiss | 7.0 | 16.75 |
| Motion for Summary Judgment | 8.0 | 8.0 |
| Other Pretrial Motions and Preparation | 8.49 | 2.15 |
| Trial Time | 3.64 | 22.36 |
| Post-Trial Motions and Letters | 37.25 | — |

4. The court has combined the hours spent by plaintiffs' counsel on the case against the union and on the case against the union and employers jointly. The court believes that, in order to prevail against the union, the hours spent preparing the case against the union and employers jointly was necessary.

The paralegal testified as follows:

| | The Case Against The Union | The Case Against The Employers |
|---|---|---|
| Preparation of Pleadings | 1.0 | .75 |
| Preliminary Injunction | 1.0 | — |
| Discovery | 23.0 | 20.5 |
| Motion to Dismiss | 4.5 | 6.0 |
| Motion for Summary Judgment[5] | 20.0 | — |
| Other Pretrial Motions and Preparation | 38.07 | 34.18 |
| Trial Time | 5.88 | 36.12 |
| Post-Trial Motions and Letters | 22.25 | — |

The court believes that some of the claimed hours are not reasonable. Chomsky claimed one (1) hour for writing a letter after trial. That letter was only two pages in length. As a result, she will be allowed .50 hours.

Katz claimed one-half (½) hour for his work in January, 1986, on Local 107's motion for judgment notwithstanding the verdict. Local 107's motion was already denied by the court in December, 1985. Consequently, this time spent by Katz did not benefit the plaintiffs' case and this time must be disallowed. *See Hughes v. Repko,* 578 F.2d 483 (3d Cir.1978).

Katz also claimed twenty-six (26) hours of trial time. The court believes, however, that plaintiffs' case was a one lawyer case. A second trial lawyer was not necessary. In fact, the court does not believe that Katz asked any witnesses any questions. Additionally, to the extent that Chomsky needed assistance to manage the witnesses and evidence, she was assisted by the paralegal. Accordingly, Katz's twenty-six (26) hours of trial time will be disallowed as not reasonably necessary to advance plaintiffs' case.

■ The court now must determine a reasonable hourly rate. Plaintiffs assert that Chomsky and Katz are entitled to compensation of $125.00 per hour[6] and that the paralegal is entitled to $40.00 per hour. Local 107 contends that plaintiffs' counsel are entitled only to $50.00 per hour and the paralegal only is entitled to $30.00 per hour.

The court believes that the reasonable value of attorneys in the Philadelphia community with experience comparable with Chomsky and Katz is $90.00 per hour for trial time and $80.00 per hour for other time.[7] Chomsky and Katz each have more than ten (10) years of legal experience and

5. The paralegal claimed to have spent 20 hours drafting and reviewing the answer to the motions for summary judgment between September 13 and 19, 1984. She also claimed to have spent another 20 hours researching answers to the motions for summary judgment between September 13 and 19, 1985. The court believes that this is a typographical error and awards only the 20 hours spent in September, 1985.

6. Plaintiffs have attached an affidavit of Alice W. Ballard, Esquire ("Ballard"), a Philadelphia lawyer who specializes in employment rights litigation. Ballard testifies that "[t]he $125.00 hourly rate claimed by Ms. Chomsky and Mr. Katz is modest in light of their knowledge and experience." Ballard Affidavit at 2. Whereas Ballard's testimony may be correct in some ar-

eas of the country, the court believes that that claim is immodest in Philadelphia in light of Ms. Chomsky's and Mr. Katz's knowledge and experience. Ballard does not state a rate which she believes is reasonable in this geographic area.

7. Although plaintiffs' counsel were present in the courtroom during several hearings, the court will not construe that time as trial time. During the hearings, Local 107's counsel had the laboring oar. Plaintiffs' counsel said and did little at the hearings, because their position was consistently clearly set forth in plaintiffs' briefs. Since the hearings did not require the same high level of skill required at trial, the court will not award the same high hourly rate for the hearing time as it does for the trial time.

each have specialized in labor law a little more than five (5) years. Both attorneys have lectured in labor law. The court does not believe that the hourly award is limited by the rate agreed to in the agreement between plaintiffs, plaintiffs' counsel, and the paralegal. The agreement's hourly rate is obviously set at a rate which accounted for plaintiffs' limited assets and income. This court's award is based on the reasonable rate to which an attorney of comparable experience is entitled.

■■■ The court awards an hourly rate of $20.00 per hour for services of the paralegal. Plaintiffs' request an hourly award of $40.00, and Local 107 argues that $30.00 is more appropriate. Neither party presents any grounds by which the court can sustain such an hourly rate. The court is not supplied with the credentials and experience of the paralegal. Additionally, no affidavit is submitted which attests to the reasonable hourly rate of comparable paralegal services in the Philadelphia community. Under these circumstances, the court, exercising its experience, believes that $20.00 per hour is fair and reasonable compensation for the paralegal.

■■■ Next, the court turns to the multiplier. The court believes that attorneys' fees incurred by plaintiffs in their case against the union should be augmented by 25%. When Chomsky and Katz agreed to prosecute plaintiffs' case, they could not anticipate a likelihood of success against the union. Only in 1% of these cases do plaintiffs prevail against their union in a claim for breach of the duty of fair representation. Goldberg, "The Duty Of Fair Representation: What The Courts Do In Fact," 35 Buffalo L.Rev. 85, 137–138 (1985). The reason that the percentage of cases is so low is that plaintiffs' burden is heavy, and these unfair representation cases are difficult for plaintiffs to develop. Additionally, the court notes Chomsky and Katz accepted a case in which they risked being paid only a nominal sum and being paid late. The court notes also that the work of Chomsky and Katz was thorough and of very good quality. They represent-

ed their clients diligently and assisted the court by filing consistently well researched and well prepared briefs. The court does not, however, award a multiplier for a feature of quality that is already reflected in the reasonable hourly rate.

■■■ The attorneys' fees incurred by plaintiffs in prosecuting the case against the employers should not, the court believes, be increased or decreased beyond that represented by the hourly rate. The case against the employers, although detailed, was not overly complex. It was an action for breach of the collective bargaining agreement. In order to prove a breach, plaintiffs had to show that the employers were alter ego or single employers as those terms have been developed in the labor law context. See N.L.R.B. v. Al Bryant, Inc., 711 F.2d 543, 553 (3d Cir.1983). Many of the facts presented by plaintiffs were easily discoverable and, in fact, the principal facts known to plaintiffs before the discovery merely corroborated them. The plaintiffs from their personal experience knew that the supervisors, workers, and equipment at the TPI operation were the same as that used at the Signal operation. Moreover, plaintiffs did not prevail against the employers. For these reasons, the court will not award plaintiffs a multiplier for the contingent nature of their success against the employers, the quality of their work rendered, or the time value of the attorneys' fees incurred in this aspect of plaintiffs' suit.

■■■ Local 107 argues that it is entitled to have a reasonable opportunity to discover the extent to which Chomsky, Katz, and the paralegal allocated their time between the case against the union and the case against the employers. The court believes that this objection has been cured. Plaintiffs have filed supplemental affidavits detailing daily the hours spent by Chomsky, Katz, and the paralegal on each phase of this case, allocating in detail the hours spent by each on the case against the union and on the case against the employers, and setting forth the hours which

could not be allocated against particular defendants.

Local 107 argues also that it should be permitted to discover the reason for a large discrepancy between the amount requested by plaintiffs in the January 14, 1986 motion, and the properly calculated lodestar amount ascertained from the billing sheets attached to plaintiffs' counsels' affidavits requested in the March 13, 1986 motion. The court believes that the reason for the discrepancy is obvious. The hourly rate sought here is greater than the rate billed plaintiffs by plaintiffs' counsel, and plaintiffs' counsel have now reviewed their time sheets in great detail.

Local 107 does not dispute the facts as presented in the affidavits of Chomsky, Katz, and the paralegal. Also, Local 107 does not argue that the affidavits are incomplete. Consequently, the court does not believe, in light of this record, that Local 107 is entitled to a continuance to conduct discovery into the hours spent on this case by Chomsky, Katz, and the paralegal. *See Lindy I,* 487 F.2d at 169.

■ Accordingly, the court will award to plaintiffs attorneys' fees in the amount of $47,423.40.

### 4. *Reimbursement of Costs*

■ As the prevailing party against the union, plaintiffs are entitled to reimbursement of litigation expenses. Fed.R.Civ.P. 54(d). Local 107 does not contest this. Rule 20(c) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. For these reasons, plaintiffs' motion for reimbursement of costs will be granted.

### 5. *Motions for Sanctions*

The final two motions which the court must consider are the parties' cross-motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides, in pertinent part, as follows:

[T]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Rule 11. As the second circuit has explained:

[s]anctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). This court has adopted and applied the second circuit's guideline. *Interior Finish Contractors v. Drywall Finishers,* 625 F.Supp. 1233, 1241 (E.D.Pa.1985). The third circuit has added to these rules that "the district court 'is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring *what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'* Notes of Advisory Committee on Rules, *supra* (emphasis added)." *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d Cir.1985). Additionally, the third circuit has directed that, before imposing sanctions upon a par-

ty, the court must permit the party opposing the imposition of sanctions the opportunity to be heard. *Id.* at 541; *Rubin v. Buckman,* 727 F.2d 71, 73 (3d Cir.1984).

At the outset, the court notes that both parties have had the opportunity to state reasons in opposition to the imposition of sanctions. Plaintiffs have answered Local 107's motion. The union has not answered plaintiffs' motion for sanctions. Although plaintiffs' motion will not here be treated as uncontested, *see* Local Rule of Civil Procedure of the Eastern District of Pennsylvania 20(c), the court believes that Local 107 has had more than enough opportunity to answer plaintiffs' motion, which was filed on February 12, 1986. Consequently, Local 107 has had more than 90 days to answer plaintiffs' motion.

 The court turns first to Local 107's motion for sanctions, filed January 28, 1986. Local 107 argues that sanctions should be imposed on plaintiffs' counsel because plaintiffs filed their motion after Local 107 had appealed this case to the third circuit, after this court had lost jurisdiction over plaintiffs' motion, and after the Rule 59(e) time limitation had run. The union cites no cases which held that an appeal of the underlying case deprives the district court of jurisdiction of a motion for attorneys' fees. Also, the union did not cite or consider the recent cases which have held that Rule 59(e) was inapplicable to a motion for attorneys' fees. Finally, as discussed above, this court had jurisdiction over plaintiffs' motion when it was filed, and Rule 59(e) did not bar plaintiffs' motion. For these reasons, Local 107's motion for sanctions will be denied.

 Plaintiffs argue that sanctions should be imposed on Local 107's attorney because he signed the motion for sanctions against plaintiffs and that motion had no basis in law and was imposed to harass. The court agrees with plaintiffs. Local 107's motion for sanctions had no basis in law and was imposed to harass plaintiffs' counsel. The cases are clear. This court has jurisdiction over plaintiffs' motion.

Also, the Rule 59(e) time constraint does not apply to plaintiffs' motion.

Another more serious concern, however, troubles the court. After plaintiffs filed their motion on January 14, 1986, and before Local 107 filed its answer and motion for sanctions, counsel for Local 107 and plaintiffs exchanged letters, discussing whether Local 107's appeal deprived this court of jurisdiction over plaintiffs' motion and whether Rule 59(e) applied. In plaintiffs' counsel's January 22, 1986 letter, Judith Chomsky stated that her position was legally supported by *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Venen v. Sweet,* 758 F.2d 117 (3d Cir.1985); *Harcon Barge Co., Inc. v. D. & G. Boat Rentals, Inc.,* 746 F.2d 278 (5th Cir.1984); *Shipbuilding & Dry Dock Co. v. Benefits Review Board,* 535 F.2d 758 (3d Cir.1976). On January 28, 1986, the union answered plaintiffs' motion and moved for sanctions on the basis that plaintiffs' motion was without jurisdictional basis and was barred by Rule 59(e). Local 107 did not cite, discuss, or explain any cases on which plaintiffs' counsel, as she stated in her letter, relied. Local 107 filed a supplemental brief on March 28, 1986, and still did not cite or address those clearly applicable cases.

Local 107's counsel, in the face of proffered legal authority, had the duty to at least address or cite and explain plaintiffs' cases, even if he had none of his own. Model Code of Professional Responsibility, DR 7–106(B)(1). When it moved for the imposition of sanctions on plaintiffs' counsel, Local 107's counsel *knew* the legal basis plaintiffs were relying on. Local 107's counsel made the conscious decision not to address those cases or explain why under these cases plaintiffs had no legal basis for making their motions. Under these circumstances, the court believes that there was no legal basis for Local 107's motion for sanctions and that Local 107's motion for sanctions was imposed primarily to cause harassment and delay. Accord-

**1448**

ingly, the court, upon a review of the motion, the opposition and the record matters previously alluded to and for the reasons stated, will impose sanctions in the amount of $1,000.00 as reasonable attorneys' fees and costs upon Local 107's attorney.

CONCLUSION

For the foregoing reasons, Local 107's motion for a continuance to conduct discovery will be denied, plaintiffs' motion for summary judgment on the issue of damages will be granted in part and denied in part, plaintiffs' motion for a court Order that they are entitled to attorneys' fees will be granted in part and denied in part, plaintiffs' motion for attorneys' fees will be granted in part and denied in part, Local 107's motion for sanctions will be denied, and plaintiffs' motion for sanctions will be granted.

An appropriate Order will be entered.