Socorro **CRUZ; Milagros Colon; Erlinda Sampson; Pablo Castro; Agripina Torres; Gladys Gonzalez; Delza Peres; Julio Colon; Leonie Abellard; Marie Lucienne Jacob; Maria Quintero; Marisol Quintero Delarra; Carmen Febles and Elizabeth Martinez, Plaintiffs,**

v.

**LOCAL UNION NUMBER 3 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Defendants.**

**No. CV 89–4240 (ADS).**

United States District Court,
E.D. New York.

July 12, 1993.

alleged breach by both the employer and by the defendant Local Union Number 3 of the International Brotherhood of Electrical Workers ("the Union") of the duty of fair representation. The action against the employer was settled for the sum of $110,000 on or about April 22, 1993.

The fair representation cause of action against the Union was tried from April 26, 1993 through May 7, 1993. On the third day of trial, the Court decertified the class of plaintiffs. The claims of fourteen plaintiffs were submitted to the jury, which rendered a verdict on May 7, 1993, awarding money damages to eight of the fourteen plaintiffs. Answering the questions on the verdict sheet, the jurors found (1) that the employer Robert Abbey, Inc. had violated the seniority provisions of the collective bargaining agreement when it laid off the eight prevailing plaintiffs; (2) that defendant Local 3 had breached its duty of fair representation to the plaintiffs; (3) that monetary damages were sustained by those eight plaintiffs; and (4) that the Union was responsible for 90% of the damages sustained by Carmen Febles and that the Union was responsible for 100% of the damages sustained by the remaining seven plaintiffs. The jury awarded a total of $25,965.86 in backpay in favor of the eight plaintiffs against the sole remaining defendant, Local Union Number 3.

After the jury was discharged, counsel for the defendant Union moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. The Court requested that both parties submit papers with regard to the defendant's Rule 50 motion and the issue of attorney's fees for the prevailing plaintiffs' counsel.

Davis & Eisenberg, New York City by (Herbert Eisenberg, of counsel), for plaintiffs.

Norman Rothfeld, New York City, for defendant.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This action was initially commenced with the plaintiffs' assertion of two causes of action: (1) under the Worker Adjustment and Retraining Notification Act of 1988 ("WARN") against the employer, Robert Abbey, Inc.; and (2) under section 301 of the Labor Management Relations Act for the

On June 11, 1993, the parties appeared and argued the following issues as directed by the Court: (1) whether the damage award was so speculative as to require the Court to set it aside; (2) if the damage award were to be set aside, should the court direct that nominal damages be awarded to the successful plaintiffs; and (3) whether counsel for the successful plaintiffs are entitled to recover attorney's fees in the event the verdict is reduced to an award for nominal damages.

Having reviewed the papers submitted by both parties, and having heard oral argument of these issues on June 11, 1993, and for the reasons stated in the record during oral argument, the Court made the following determinations:

(1) the Court declined to set aside the jury's finding that Local Union Number 3 breached its duty of fair representation, and held that there was substantial evidence in the record of a violation of that duty by the Union; the defendant's motion for judgment as a matter of law was therefore denied;

(2) with regard to the issue of compensatory damages, the Court found that there was no reasonable view of the evidence that could support the monetary damages awarded to the eight successful plaintiffs by the jury (*see Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 334 [2d Cir.1993] ["New York law does not countenance damage awards based on '[s]peculation or conjecture'; 'there must be a definite and logical connection between what is proved and the damages a jury is asked to find,'" quoting *Berley Indus., Inc. v. City of New York*, 45 N.Y.2d 683, 687, 412 N.Y.S.2d 589, 591, 385 N.E.2d 281, 283 (1978) ]; *see also Yanity v. Benware*, 376 F.2d 197 [2d Cir.1967]; *Bloom v. Intern. Broth. of Teamsters Local 468*, 752 F.2d 1312 [9th Cir.1984] );

(3) despite the fact that the record does not support an award of compensatory damages as a matter of law, the Court determined that an award of nominal damages was appropriate based upon the union's breach of the duty of fair representation, as a matter of right since substantive rights had been violated (*see Ruggiero v. Krzeminski*, 928 F.2d 558 [2d Cir.1991]; *Smith v. Coughlin*, 748 F.2d 783, 789 [2d Cir.1984]; *Gray v. Great American Recreation Association, Inc.*, 970 F.2d 1081 [2d Cir.1992] ); *see also Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 749 F.2d 1000 [2d Cir.1984]; *Thomas v. Bakery, Confectionary and Tobacco Workers International Union, Local 433*, 982 F.2d 1215 [8th Cir.1993];

(4) the plaintiffs' attorneys were entitled to an award of attorney's fees incurred as a result of the union's breach of its duty of fair representation (*see Ames v. Westinghouse Elec. Corp.*, 864 F.2d 289 [3d Cir. 1988]; *Zuniga v. United Can Co.*, 812 F.2d 443 [9th Cir.1987]; *Bygott v. Leaseway Transportation Corp.*, 637 F.Supp. 1433 [E.D.Pa.1986]; *Harrison v. United Transportation Union*, 530 F.2d 558 [4th Cir. 1974], *cert. denied*, 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 [1976]; *compare Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 [1992] );

(5) the Court declined to award prejudgment interest.

The Court then directed the attorneys for the plaintiff to submit an affidavit of services. Additional time was given for the defendant to respond to that affidavit. The Court now considers the final issue in this case concerning the amount of attorney's fees to be awarded to the attorneys for the prevailing plaintiffs.

### I. *Calculation of Attorney's Fees*

■ An award of attorney's fees to a prevailing party rests squarely within the District Court's discretion (*see Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 749 F.2d 1000, 1004 [2d Cir.1984] ). Further, "[h]ours spent on claims unrelated to those forming the basis of the claim giving rise to the fee award must be excluded unless the claims 'involve a common core of facts or will be based on related legal theories'" (*Rosario*, at p. 1004, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 [1983] ). In such cases, the lawsuit cannot be viewed as a series of "discrete claims," and the District Court should focus "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.... The most critical factor is the degree of success obtained" (*Hensley v. Eckerhart, supra* ).

The plaintiffs brought this case under several legal theories, including claims against Robert Abbey, Inc., the employer, for violations of the Worker Adjustment and Retraining Notification Act of 1988 ("WARN") and

under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 for violations of the collective bargaining agreement's seniority provisions. The "WARN" claim against the employer was settled by a stipulation, which involved the payment of the sum of $110,000 by the employer to the plaintiffs. The stipulation was "so ordered" by this Court on April 27, 1993.

■ The remaining claim which went to trial was against the Union for the breach of its duty of fair representation owed to its members under section 301 of the Labor Management Relations Act as stated above. The jury returned a verdict in favor of eight of the fourteen plaintiffs against the defendant Union. The Court finds the instant case analogous to *Harrison v. United Transportation Union*, 530 F.2d 558 (4th Cir.1975), *cert. denied*, 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976), in which the court held that a union member whose union improperly failed to pursue his grievance was entitled to recover attorney's fees under the common benefit rationale. The plaintiff in *Harrison* had vindicated a right shared by all the union membership—the right to fair representation (*id.* at p. 564; *see also Bygott v. Leaseway Transportation Corp.*, 637 F.Supp. 1433 [E.D.Pa.1986] [counsel entitled to attorney's fees where plaintiffs' success against the union for its arbitrary and perfunctory investigation of plaintiffs' grievances has benefited each union member]).

Upon a finding of unfair representation, "the court must fashion an appropriate remedy" (*Vaca v. Sipes*, 386 U.S. 171, 187, 87 S.Ct. 903, 915, 17 L.Ed.2d 842 [1967]). The fundamental purpose of a fair representation suit is "to compensate for injuries caused by violations of employees' rights" (*IBEW v. Foust*, 442 U.S. 42, 48–49, 99 S.Ct. 2121, 2126, 60 L.Ed.2d 698 [1979]; *see also Scott v. Local Union 377*, 548 F.2d 1244 [6th Cir. 1977] [plaintiff who has prevailed against his union for breach of fair representation was entitled to recover from his union all of his attorney's fees as an element of damages]).

■ Having determined, for reasons previously stated in the record on June 11, 1993, that the plaintiffs are entitled to recover attorney's fees for the Union's breach of its duty of fair representation, the Court must now calculate and fix those fees. In this regard, guidance is found in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) ("*Lindy II*"); *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) ("Lindy I"). The Court must first calculate a lodestar figure. "The lodestar, which is the reasonable value of the attorneys' services, is reached by multiplying the reasonable number of hours spent by the attorneys working to benefit their clients' cases times the reasonable hourly rate of each attorney" (*Bygott v. Leaseway Transportation Corp.*, *supra*, 637 F.Supp. at p. 1433, citing *Lindy I; see also Del Casal v. Eastern Airlines, Inc.*, 634 F.2d 295 [5th Cir.1981]).

A reasonable attorney's fee

"is one calculated on the basis of rates and practices prevailing in the market, *i.e.*, 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation,' [citation omitted], and one that grants the successful civil rights plaintiff a 'fully compensatory fee,' [citation omitted], comparable to what 'is traditional with attorneys compensated by a fee-paying client.'" (*Missouri v. Jenkins*, 491 U.S. 274, 286, 109 S.Ct. 2463, 2470 [105 L.Ed.2d 229] [1989] [citation omitted]. *See also Blum v. Stenson*, 465 U.S. 886, 895–96 & n. 11, 104 S.Ct. 1541, 1547–48 & n. 11. [79 L.Ed.2d 891 (1984)].)

The amount of an award, however, must ultimately be determined on the facts of each case (*Hensley v. Eckerhart*, *supra*, 461 U.S. at p. 429, 103 S.Ct. at p. 1937.)

By way of analogy, the Second Circuit has noted that of particular applicability in determining the amount of an award of attorney's fees in a civil rights case are the twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir.1974); *see also United States Football League v. National Football League*, 887 F.2d 408, 415 (2d Cir.1989) [citing *Johnson*], *cert. denied*, 493 U.S. 1071,

110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990). The Court notes, however, "that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate" (*United States Football League v. National Football League, supra*).

## II. *The Instant Fee Requests*

The attorneys initially representing the plaintiffs in this lawsuit, namely, the law firm of Hall & Sloan, seek an award of attorney's fees for past services rendered in the amount of $23,350.00, plus $4,000.00 for the fee application, for a total sum of $27,350.00. Burton H. Hall, Esq. died in November, 1991, during the course of this litigation. Subsequently, the law firm of Davis & Eisenberg was substituted as counsel for the plaintiffs. The law firm of Davis & Eisenberg seeks an award of attorney's fees in the sum of $100,406.25, plus $3631.49 costs and disbursements, for a total sum of $104,037.74.

This application requests compensation for approximately 105 attorney-hours from the firm of Hall & Sloan and 497 hours from the firm of Davis & Eisenberg. From the total requested by Davis & Eisenberg, the Court has deducted hours charged as "travel time" in the fee application. The Court notes that although the request by Herbert Eisenberg, Esq., reflects 214.5 hours, the actual calculation of hours listed by Mr. Eisenberg results in a total of 237 hours. The final figures are 260 hours computed by the Court for Robert Davis, Esq. and 237 hours computed for Herbert Eisenberg, Esq.

Counsel for the Union contends that the law firm of Hall & Sloan is not entitled to recover attorney's fees because all of the legal work performed by the late Burton Hall and Wendy Sloan was devoted to the WARN claim against the employer, which the parties settled prior to trial. Counsel also argues that Hall & Sloan has already received a share of the fees from that settlement. In addition to the record of these proceedings, a telephone call to Herbert Eisenberg, Esq. on July 7, 1993, confirmed the fact that the plaintiffs received a settlement of $110,000 for the cause of action under the WARN statute, which included attorneys' fees of $32,172.00. Robert Davis, Esq. further advised the Court that this fee was divided equally between the firms of Hall & Sloan and Davis & Eisenberg.

With regard to the successor law firm of Davis & Eisenberg, counsel for the Union states that most of the work performed by the firm was done in connection with the WARN violations alleged against the employer, the employer's violations of the seniority clause, preparation and depositions of plaintiffs who did not testify at trial, and preparation of plaintiffs who testified at the trial but did not prevail—work for which counsel argues the plaintiffs are not entitled to a fee.

Counsel for the Union also contends that the rates at which counsel for the plaintiffs seek to recover are excessive and should be reduced. Wendy Sloan seeks a fee at the rate of $250 per hour for herself and $300 per hour on behalf of the late Burton Hall. Herbert Eisenberg requests a rate of $225 per hour while Robert Davis seeks a rate of $200 per hour.

■ Prevailing parties "are entitled to reasonable hourly rates which fall within the prevailing marketplace rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" (*New York State Nat'l Org. for Women v. Terry*, 737 F.Supp. 1350, 1361 [S.D.N.Y. 1990] [citation omitted], *aff'd in part, rev'd in part on other grounds*, 961 F.2d 390 [2d Cir.1992].) The Court has reviewed the applicable law in this Circuit and determines that, based upon the type of work performed and the experience of the attorneys, the following maximum rates are fair and reasonable: for Burton Hall, $200 per hour; for Wendy Sloan and Herbert Eisenberg, $175 per hour; for Robert Davis, $150 per hour (*see, e.g., Huntington Branch NAACP v. Town of Huntington*, 749 F.Supp. 62, 65 [E.D.N.Y.1990] [rates of $135–$225 per hour appropriate in housing discrimination case, where counsel performed "extremely ably" and have experience in civil rights cases]; *Jennette v. New York*, 800 F.Supp. 1165, 1169 [S.D.N.Y.1992] [sole practitioner with ten years' experience in civil rights actions awarded $200 per hour]; *Nu–Life Constr.*

*Corp. v. Board of Educ.,* 795 F.Supp. 602, 606 [E.D.N.Y.1992] [counsel awarded fees at rates of $165–$200 per hour in RICO action] ). Therefore, the hours submitted by the attorneys at the lodestar rate determined by the Court are as follows:

### TABLE 1

| Attorney | Original Hours Req. By Counsel | Lodestar Rate | Total |
|---|---|---|---|
| • Burton Hall | 22 | $ 200 | $ 4,400.00 |
| • Wendy Sloan | 83 | 175 | 14,525.00 |
| • Robert Davis | 261.5 | 150 | 39,225.00 |
| • H. Eisenberg | 237.45 | 175 | 41,553.75 |
| | | **TOTAL:** | $99,703.75 |

The Court finds that the number of hours for which plaintiffs' counsel seek compensation, specifically, 602 hours spent by the four attorneys on this case, is unreasonable (*see Huntington Branch NAACP v. Town of Huntington,* 749 F.Supp. 62 [E.D.N.Y.1990]; *Bygott v. Leaseway Transportation Corp., supra,* 637 F.Supp. at p. 1444] ). Giving plaintiffs' counsel every benefit, the Court cannot view the expenditure of 602 attorney-hours as necessary or reasonable.

[6, 7] Furthermore, central to an application for attorney's fees is the submission of time records reflecting the hours expended by counsel in pursuing the successful claims of their client. In order for a party to recover attorney's fees, such time records must be made contemporaneously with the associated work (*see Lewis v. Coughlin,* 801 F.2d 570, 577 [2d Cir.1986] ). Also, "[t]hese records should specify, for each attorney, the date, the hours expended, and the nature of the work done" (*New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 [2d Cir.1983] ). "The burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested" (*F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 [2d Cir.1987] [applying New York State law and noting that the Second Circuit rule is similar to that of New York]; *see also Soler v. G & U Inc.,* 801 F.Supp. 1056 [S.D.N.Y. 1992] ).

■ Wendy Sloan, Esq. submitted certain contemporaneous time records on behalf of Hall & Sloan. The law firm of Davis & Eisenberg submitted a printed list which comprises its documentation in support of the plaintiffs' fee application. The Court finds that in both sets of documents, there are vague and often cryptic descriptions of the work performed by counsel. While vague descriptions are not fatal to a fee application, courts in this Circuit have reduced fee awards due to the lack of specificity in time records (*see United States Football League v. National Football League, supra,* 887 F.2d at p. 415; *New York State Ass'n for Retarded Children, Inc. v. Carey, supra,* 711 F.2d at p. 1146; *Soler v. G & U, Inc., supra,* 801 F.Supp. at pp. 1060–61; *Nu–Life Constr. Corp. v. Board of Educ., supra,* 795 F.Supp. at p. 607; *Meriwether v. Coughlin,* 727 F.Supp. 823, 827 [S.D.N.Y.1989] ).

In light of the numerous entries which contain insufficient descriptions of the work done and the necessity for such work, the Court reduces the lodestar amount for all pre-trial services by twenty-five percent (*see Nu–Life Constr. Corp. v. Board of Educ., supra,* 795 F.Supp. at p. 607 [thirty percent reduction for vague entries]; *see also United States Football League v. National Football League, supra,* 887 F.2d at p. 415 [thirty percent reduction due to, *inter alia,* vague entries]; *New York State Ass'n for Retarded Children, Inc. v. Carey, supra,* 711 F.2d at p. 1146 [5%–20% reductions made to multiple claims for fees upon objections to duplicative and excessive hours]; *Meriwether v. Coughlin, supra,* 727 F.Supp. at pp. 831 [15% re-

duction for entries too vague to assess reasonableness]).

■ Furthermore, as counsel for the Union argues, the plaintiffs cannot recover attorney's fees for their unsuccessful claims. "[W]ork that is based on different facts and legal theories than a successful one may not be included in the fee award" (*United States Football League v. National Football League, supra,* 887 F.2d at p. 413 [citing *Hensley v. Eckerhart, supra,* 461 U.S. at p. 434–35, 103 S.Ct. at p. 1939–40). However, a plaintiff's various claims may be based upon a common set of facts or similar legal theories. In such an instance, it would be impractical to divide the hours on a claim-by-claim basis, as a large portion of the attorney's time will likely have been spent on the case as a whole, rather than on individual claims. Under these circumstances, a district court

"should focus on the significance of the overall relief obtained by the plaintiff. [citation omitted] Where a plaintiff has achieved only partial or limited success, full compensation of attorney's fees would not be reasonable. [citation omitted] The district court may either attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." (*United States Football League v. National Football League, supra,* 887 F.2d at p. 414 [citation omitted]).

While the plaintiffs did not succeed on the claims of six plaintiffs, they did obtain relief for eight of the plaintiffs. Since it would be impractical to scrutinize the time records for hours spent on the prevailing plaintiffs' claims, due to the fact that much of plaintiffs' counsel's work was spent on all of the plaintiffs' claims rather than one or two claims in particular, the Court further reduces the lodestar amount by an additional twenty-five percent, for a total reduction of fifty percent.

■ The Court notes that at best, the firm of Hall & Sloan contributed only marginally and tangentially to the ultimate victory in this case. The crucial work was done at trial. In addition, the Court further observes that Hall & Sloan shared in the fees obtained through the settlement of the WARN claim prior to trial. Specifically, Hall & Sloan have already received $16,086 for their efforts in this case. Therefore, taking into account all of the factors previously mentioned, the Court further reduces the lodestar sum by twenty-five percent for the firm of Hall & Sloan, resulting in the following sum as attorney's fees:

**TABLE 2**

| Attorney | Original Hours Req. By Counsel | Hours Apprvd. By Court | Rate | Total |
|---|---|---|---|---|
| • Burton Hall | 22 | 5.5 | $ 200 | $ 1,100.00 |
| • Wendy Sloan | 83 | 21 | 175 | 3,675.00 |
| **TOTAL:** | | | | $ 4,775.00 |

■ In looking to the number of trial hours expended by the firm of Davis & Eisenberg, the Court notes that both Davis and Eisenberg were present in the courtroom during the trial and both have requested fees for their trial services. Plaintiffs' counsel could not have reasonably expected both attorneys to be paid for their services by the defendant Union. In this Court's view, only one trial lawyer was necessary, and the luxury of having a second lawyer present during the trial should not have to be financed by the defendant Union. Upon an examination of the papers and attached records of plaintiffs' counsel, and in light of the factors outlined above, the Court finds the following reduction of counsel's hours at the appropriate lodestar rate to be reasonable:

## TABLE 3

| Attorney | Original Hours Req. By Counsel | Hours Apprvd. By Court | Rate | Total |
|---|---|---|---|---|
| ● Robert Davis | 261.5 | 72 | $ 150 | $ 10,800.00 |
| ● H. Eisenberg | 237.45 | 181 | 175 | 31,675.00 |
| | | | **TOTAL:** | $42,475.00 |

Therefore, the Court awards the plaintiffs the total sum of $47,250.00 for all attorney's fees. The Court has reviewed the remaining objections of the Union to the plaintiffs' application for counsel fees and finds them to be without merit.

With regard to the plaintiffs' application for costs and disbursements, a court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients" (*Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 [2d Cir.1987]). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead" (*New York State Nat'l Org. for Women v. Terry, supra*, 737 F.Supp. at p. 1363).

The Court has reviewed the affidavits and accompanying cost records submitted by Davis & Eisenberg, Esqs. in which they seek $3,631.49, including $500 in expert witness fees. The defendant Union contends that the plaintiffs are not entitled to costs and disbursements.

Under applicable law, the plaintiffs can recover only $40 for expert witness fees (*see West Virginia Univ. Hospitals v. Casey*, 499 U.S. 83, 102, 111 S.Ct. 1138, 1148, 113 L.Ed.2d 68 [1991]). While the Supreme Court's determination that expert witness fees are not subject to shifting was overruled by the 1991 Civil Rights Act, that Act does not govern this case. Consequently, the Court awards the plaintiffs the sum of $40 for expert witness fees.

Moreover, the plaintiffs' list of expenses includes the cost of a trial interpreter in the amount of $1,450. However, counsel has provided no bill from the interpreter including any breakdown of hours and hourly rate. Consequently, the Court declines to award costs for the services of the trial interpreter. The Court likewise declines to award costs for "Transportation to and from courthouse during trial," "Davis & Eisenberg Photocopies," and "Hall & Sloan photocopies."

However, the Court does award costs for the purchase of an index number, deposition transcripts, and an expert witness fee of $40, for a total sum of $1,177.15.

## CONCLUSION

For the foregoing reasons as well as those stated in the record on June 11, 1993, the Court (1) denies the defendant's motion for judgment as a matter of law; (2) vacates the jury's award of compensatory damages to eight of the fourteen plaintiffs; (3) awards nominal damages in the amount of $1 for each of the eight prevailing plaintiffs; (4) awards attorney's fees incurred as a result of the union's breach of its duty of fair representation to the firm of Hall & Sloan in the amount of $4,775.00 and to the firm of Davis & Eisenberg in the amount of $42,475.00, for a total sum of $47,250.00; (5) awards costs in the total sum of $1,177.15; and (6) denies the plaintiffs' application for an award of prejudgment interest.

The Clerk of the Court is directed to enter judgment in favor of the plaintiffs Socorro Cruz, Agripina Torres; Delza Peres, Leonie Abellard, Marie Lucienne Jacob, Carmen Febles and Elizabeth Martinez, each in the sum of $1; in favor of the law firm of Hall & Sloan in the sum of $4,775.00; and in favor of

the law firm of Davis & Eisenberg in the sum of $47,250.00.

**SO ORDERED.**