**Philip T. ALLEN, as President of and on behalf of all members of the GLENS FALLS BUILDING AND CONSTRUCTION TRADES COUNCIL; et al., Plaintiffs,**

v.

**INDECK CORINTH LIMITED PARTNERSHIP; Indeck Energy Services, Inc.; Indeck Energy Services of Corinth, Inc., individually and as General Partner of Indeck Corinth Limited Partnership, Defendants.**

Civ. A. No. 93–CV–1534 (TJM/DNH).

United States District Court,
N.D. New York.

May 8, 1995.

234

Lombardi, Reinhard, Walsh & Harrison, P.C., Richard P. Walsh, Albany, NY, for moving plaintiffs.

McDermott, Will & Emery, Richard J. Reibstein, New York City, Bond, Schoeneck & King, Nicholas J. D'Ambrosio, Jr., Albany, NY, for defendants.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Plaintiffs' lawsuit seeks $12 million in damages for breach of contract, fraud, and tortious interference with contract. Their claims flow from and relate to defendants' alleged failure to honor a February 20, 1992 "letter agreement" between defendant Indeck Corinth Limited Partnership and/or Indeck Energy Services of Corinth and plaintiff Glens Falls Building and Construction Trades Council ("Building Trades Council"). Said "letter agreement" allegedly committed defendant Indeck to instruct its project manager to require all subcontractors hired to work on the Indeck Corinth Cogeneration Project to enter into a "Project Agreement" with plaintiff unions. The Building Trades Council consists of twelve building and construction unions, including movants Teamsters Local No. 294 and Boilermakers Local No. 197.

Plaintiffs' complaint was originally filed in New York State Supreme Court, County of Saratoga on November 10, 1993. On December 8, 1993, defendants filed a notice of removal to this court. On December 15, 1993, defendants answered, alleging the illegality of the "letter agreement" and related agreements, and violation of § 8(e) of the National Labor Relations Act ("NLRA") by the commencement of this action to enforce the allegedly illegal agreements. Section 8(e) of the NLRA makes it an unfair labor practice for any union and any employer to enter into any contract or agreement whereby the employer agrees to cease or refrain from conducting business with other employers, such as non-union subcontractors. See 29 U.S.C. § 158(e). A proviso to this section exempts unions and employers in the construction industry for agreements relating to the contracting or subcontracting of work to be done at the site of the construction, but the defendants alleged in their answer that this proviso was not applicable.

Defendants then filed an unfair labor practices charge with the National Labor Relations Board ("NLRB") against the Trades Council and all the union plaintiffs, alleging that the plaintiffs had violated § 8(e) of the NLRA by commencing this lawsuit. The Regional Director of the NLRB issued a complaint against the Trades Council and its constituent unions on June 20, 1994, which charged that commencement of this lawsuit violated § 8(e) of the NLRA and that the construction industry exception was inapplicable. A hearing before an Administrative Law Judge has been scheduled and postponed several times, the latest indefinite adjournment owing to a request by the defendants to separately charge the Teamsters plaintiffs with independent violations of § 8(e), which was denied by the Regional Director and is now being appealed by the defendants to the NLRB.

Following the issuance of the complaint by the Regional Director of the NLRB, plaintiffs' and defendants' attorneys corresponded with respect to the possibility of both stipulating a stay of this action pending resolution of the NLRB action and stipulating to the voluntary dismissal of the moving plaintiffs as follows: a. Howard Bennett, as President of and on behalf of all members of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Local Union No. 294; b. ALBANY AREA TRUCKING & ALLIED INDUSTRIES PENSION FUND, LOCAL 294, by its Trustee, Howard Bennett; c. ALBANY AREA TRUCKING & ALLIED INDUSTRIES HEALTH & WELFARE FUND, by its Trustee, John Bulgaro; d. TEAMSTERS TRAINING AND EDUCATION FUND, by its Trustee, John Bulgaro; e. CONSTRUCTION INDUSTRY FUND, by its Trustee, John Bulgaro; f. Donald Bryson, as President and on behalf of all members of the INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, Local Union No. 197; g. BOILERMAKERS, BLACKSMITH NATIONAL HEALTH & WELFARE FUND, by its Trustee, Keith Reed; h. BOILERMAKERS–BLACKSMITH NATIONAL PENSION TRUST, by its Trustee, Keith Reed; i. BOILERMAKERS AREA APPRENTICESHIP PROGRAM, by its Trustee, Keith Reed; and j. BOILERMAKERS NATIONAL ANNUITY FUND, by its Trustee, Keith Reed ("moving plaintiffs"). An agreement was reached on the stipulation of a stay pending resolution of the action before the NLRB, and that stipulation to a stay was entered as an order by this court on August 25, 1994. No agreement was reached as to the stipulation of the dismissal of the moving plaintiffs.

## II. DISCUSSION

The moving plaintiffs seek a voluntary dismissal, with prejudice, from this lawsuit. Plaintiffs brought this motion under Fed. R.Civ.P. 21 claiming that they are misjoined parties entitled to dismissal since no prejudice will result to defendants. Defendants argue that the motion is more properly brought as a motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure for dismissal by order of Court.

This motion is properly before the court, however, irrespective of whether submitted pursuant to Rule 41(a)(2), Rule 21, Rule 15(a) of the Federal Rules of Civil Procedure, or solely on the inherent power of the federal court to perfect jurisdiction. *Broadway & Ninety–Sixth Street Realty Corp. v. Loew's, Inc.,* 23 F.R.D. 9, 11 (S.D.N.Y.1958) ("the considerations applicable in all four cases are ... substantially identical."); 5 Moore's Federal Practice § 41.06–1, p. 1088 ("... even if courts read Rule 41(a) restrictively, they may still permit termination of the action as to fewer than all the parties by relying on Rule 15(a), Rule 21 or the inherent powers of the federal courts."). Nor is the precise procedural device relied upon by the movant determinative. *Klein v. Spear, Leeds & Kellogg,* 306 F.Supp. 743, 750 (S.D.N.Y.1969) (citing *Broadway & Ninety–Sixth Street Realty Corp., supra.)*

■ A voluntary dismissal may, at the discretion of the trial court, be granted if prejudice will not result to the other party. *Securities and Exchange Commission v. American Board of Trade,* 750 F.Supp. 100, 105 (S.D.N.Y.1990) (citing *Kern v. TXO Production Corp.,* 738 F.2d 968, 970 (8th Cir.1984)). In *Securities and Exchange Commission v. American Board of Trade, supra* at 105, the court held that a voluntary dismissal with prejudice of some of plaintiff's claims pursuant to Rule 41(a)(2) would be granted, since no adverse effect would result to the defendants. Here, while the defendants have attempted to argue that they may be prejudiced by the dismissal of the moving plaintiffs, they offer only hypothetical questions as evidence of the prejudice that they may suffer. The majority of these speculative concerns are addressed by the moving plaintiffs' willingness to accept a dismissal with prejudice.

■ The Second Circuit has enunciated several factors as relevant to deciding whether to grant a 41(a)(2) motion *without* prejudice: the plaintiff's diligence in bringing the

motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.1990). These factors are also relevant to a decision whether to grant the moving plaintiffs a dismissal *with* prejudice. Here, the plaintiffs have not been tardy or vexatious in bringing this motion, and plausibly argue that they reasonably expected to receive a consent dismissal by stipulation. Furthermore, defendants' effort and expense in preparing for trial will not be wasted, as there are still several plaintiffs pursuing this action, and a dismissal with prejudice alleviates any concerns about duplicative litigation. Finally, the Court notes that defendants' counterclaims will be unaffected by this dismissal.

■ The Court rejects defendants' suggestion that this motion is a maneuver by the moving plaintiffs to gain some form of tactical advantage in the derivative NLRB proceedings. The Court can perceive no advantage in the N.L.R.B. action which may result from this dismissal, and moving plaintiffs' willingness to accept a dismissal with prejudice persuades the Court that their motion is not designed to secure a tactical advantage in any future litigation, including the NLRB proceedings against the plaintiffs. Furthermore, the mere prospect of the moving plaintiffs gaining a tactical advantage in future litigation is insufficient to defeat a motion for voluntary dismissal. *See, e.g., Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230 (7th Cir. 1983), *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031 (5th Cir.1974).

## III. CONCLUSION

For the foregoing reasons, the motion for voluntary dismissal with prejudice of plaintiffs:

a. Howard Bennett, as President of and on behalf of all members of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Local Union No. 294;

b. ALBANY AREA TRUCKING & ALLIED INDUSTRIES PENSION FUND, LOCAL 294, by its Trustee, Howard Bennett;

c. ALBANY AREA TRUCKING & ALLIED INDUSTRIES HEALTH & WELFARE FUND, by its Trustee, John Bulgaro;

d. TEAMSTERS TRAINING AND EDUCATION FUND, by its Trustee, John Bulgaro;

e. CONSTRUCTION INDUSTRY FUND, by its Trustee, John Bulgaro;

f. Donald Bryson, as President and on behalf of all members of the INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, Local Union No. 197;

g. BOILERMAKERS, BLACKSMITH NATIONAL HEALTH & WELFARE FUND, by its Trustee, Keith Reed;

h. BOILERMAKERS–BLACKSMITH NATIONAL PENSION TRUST, by its Trustee, Keith Reed;

i. BOILERMAKERS AREA APPRENTICESHIP PROGRAM, by its Trustee, Keith Reed; and

j. BOILERMAKERS NATIONAL ANNUITY FUND, by its Trustee, Keith Reed,

is GRANTED.

**IT IS SO ORDERED.**