**Stephanie GREGUSKI, Plaintiff,**

v.

**LONG ISLAND RAILROAD COMPANY, Defendant.**

**No. 94 Civ. 6531 (HB).**

United States District Court,
S.D. New York.

Sept. 12, 1995.

Steven L. Kantor, John F. Maxwell, Collins & Collins, Buffalo, NY, for Plaintiff.

William J. Blumenschein, Long Island Rail Road, Jamaica, NY, for Defendant.

**1.** In communications with the Court, defendant spells its name with a space between "Rail" and

## MEMORANDUM AND ORDER

BAER, District Judge.

This action involves allegations of personal injuries by plaintiff Stephanie Greguski arising from an incident that occurred in connection with her employment with defendant Long Island Rail Road ("Rail Road").[1] Two motions were heard and decided near the beginning of trial. Below I provide the reasoning that supports those decisions.

### I. Plaintiff's Request for an Adjournment and Rule 41 Motion

██ Greguski allegedly suffered the injuries that constitute the basis of this suit in January of 1994. She filed her complaint in September of 1994. Discovery was scheduled to end in April of 1995, with trial set for an unspecified time during the last ten calendar days of May 1995 in accordance with my Trailing Trial Calendar, as described below. On May 4, 1995, I notified the parties that the case would "most likely" be heard on May 24 and 25, 1995, and reminded them to "check the calendar of cases in the *New York Law Journal* to obtain a more precise time of when the case will actually be heard. In addition, feel free to call my Courtroom Deputy. . . ." Facsimile of May 4, 1995 from Hon. Baer to W. Blumenschein and S. Kantor at 1.

Due to scheduling difficulties and the generally acrimonious relationship of the attorneys involved, the deposition of Greguski's physician, Dr. Carl Weiss, did not occur until May 9, 1995. Subsequent to that deposition, Dr. Weiss examined Greguski, determined that her medial meniscus needed repair, and scheduled surgery for June of 1995. Approximately a week before this trial was to begin, Greguski requested on May 16, 1995 that (1) the trial be adjourned for six to eight weeks in order that she first undergo the scheduled surgery, or, alternatively, (2) the case be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Greguski argued,

"Road," but plaintiff has made no motion to amend the caption.

It would be extremely prejudicial and unfair to [her] if her case were to proceed to trial without any evidence being presented of her imminent knee surgery as well as any complications that may develop following this surgery. There simply is no way to properly put this evidence before the jury unless her doctor is allowed to provide further testimony regarding the actual surgery and the actual recovery. Anything else would be speculation and therefore inadmissible.

Pl.'s Letter Br. at 1–2. Greguski then assured the Court, "If there were any way to anticipate this surgery or to proceed without an adjournment I would not be making this request." *Id.* at 2. The Rail Road "strenuously object[ed]" to Ms. Greguski's motion, Def.'s Letter Br. at 1, explaining, "If . . . the doctor feels that surgery is necessary, he can certainly so state at the trial which is scheduled to begin [in May], and can be cross-examined as to the reasons for his failure to be aware of this condition at the time of his deposition," *id.* at 2.

Greguski had agreed to a discovery schedule months previously, which, as detailed above, set the end of discovery in April of 1995 and trial in the last ten calendar days of May 1995. Then, after the completion of discovery and with only one week left prior to trial, she is again examined by her doctor, who decides that additional surgery is needed. Greguski provided no satisfactory explanation, if any had existed, as to why she had not undergone the examination earlier, which would have presumably left time for her surgery before the trial began.

I attempt to provide reasonable amounts of both notice and certainty to litigants of the time their cases will be heard by the use of a Trailing Trial Calendar ("TTC"), which specifies the month that a given case is to be tried along with that case's "place" on the TTC for that month.[2] The pretrial scheduling order, which sets dates for discovery and motions and provides the month for trial, is completed at a Rule 16 pretrial conference and almost invariably reflects a schedule selected by the parties, if they are able to agree. I publish the TTC months ahead of time in the *New York Law Journal* and invite parties to call my Courtroom Deputy as time passes to obtain a more precise date in light of the progress of cases that are scheduled for trial before their own case. In this manner, I am able to try the maximum number of cases possible by having individuals ready to go to trial almost immediately upon the completion of the preceding trial while lawyers are provided specificity for their own planning purposes. I believe this method demonstrates the soundness of the principle espoused by the Honorable John K. Narsutis, District Court Judge for the Sixteenth District Court in Denton County, Texas, in the current issue of *The Judge's Journal,* where he writes that "[d]ocket management is not an adversarial device pitting judges against lawyers. Good docket management lowers the cost of litigation, eliminates delay, and improves the public perception of . . . justice." John K. Narsutis, *An Answer to Litigation Abuse,* Judge's J., Summer 1995, at 4.

This system would not work as intended if a party were granted an adjournment for the purpose of obtaining evidence that could have been obtained earlier had the party adhered to discovery deadlines. In accordance with my system, the parties that were expected to appear before me in May at the completion of the instant case might have been forced to rush their trial preparation, while those cases that were expected to be heard in June also would be impacted.[3] I therefore denied Greguski's request for an adjournment.

■ Greguski requested that if I did not grant an adjournment, she be permitted to

---

**2.** Specifically, I advise litigants that the first five cases for any given month will be tried or otherwise disposed of at some point within the first 10 calendar days of the month; a position within the first six through 10 cases on the TTC as listed in the *New York Law Journal* means that the case will likely be tried between the 11th and 20th calendar days of the month; a position within the first 11th through 15th cases, meanwhile, translates into the trial probably taking place sometime after the 21st calendar day of the month.

Rules of Judge Harold Baer, Jr. § X.

**3.** As Judge Narsutis explains, "When lawyers are allowed to place and withdraw cases from dockets at their whims, serious litigants are penalized" in that "[t]he serious litigant is left to gamble with the expense of preparation versus the probability of being reached for trial." *Id.*

dismiss this case without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Because the Rail Road did not agree to Greguski's proposed dismissal, Rule 41 required that she obtain an order of the court providing for the dismissal. Voluntary dismissals without prejudice should generally be granted where no prejudice would accrue to the movant's adversary. *Indu Craft, Inc. v. Bank of Baroda*, No. 87 Civ. 7379, 1991 WL 107438, at *5 (S.D.N.Y. June 7, 1991). The fact that the adversary will likely have to defend a second action has been found insufficient to deny a dismissal. *Zimpro Inc. v. United States Environmental Protection Agency*, 83 F.R.D. 302, 303 (N.D.N.Y.1979). Indeed, the fact that the movant seeks a dismissal to take advantage of a more favorable limitations period by subsequently filing suit in a different court should not bar the dismissal. *Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176, 176 (S.D.N.Y.1953).

■ Given the liberal precedent above, it might seem that Greguski should have been granted the dismissal without prejudice she requested. If such dismissals were permitted, however, a party could potentially thwart discovery deadlines imposed pursuant to Rule 16 by simply pursuing a Rule 41(a)(2) dismissal. That appears to be what Greguski attempted here. After failing to have her alleged injuries evaluated in a timely manner, and where the Court refused to grant an adjournment of trial, Greguski proposed a Rule 41(a)(2) dismissal as an easy "substitute." I consider that substitute too easy, and find the situation similar to that in *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967). There, the Second Circuit reversed a Rule 41(a)(2) dismissal where the movant had sought the dismissal only after the district court had denied her a jury trial due to her failure to demand one timely. The movant conceded that after obtaining the dismissal, she intended to file a new case and demand a jury within the time limit imposed by the Federal Rules of Civil Procedure. I therefore denied Greguski's motion for a dismissal.

## II. Plaintiff's Motion to Exclude Defendant's Expert Witness

■ The Rail Road's proposed expert witness, Dr. A. Burton White, was allowed to testify, but only to the matters contained in Dr. White's Jan. 23, 1995 report.

Although the Rail Road failed to comply with Rule 26 of the Federal Rules of Civil Procedure, plaintiff must have been on notice during much of the discovery period that Dr. White was a potential expert witness. Defendant sent plaintiff Dr. White's January 23, 1995 report, and plaintiff made sure to provide for a deposition of Dr. White in the case's Final PreTrial Scheduling Order.

The testimony is highly relevant as it goes to plaintiff's alleged injuries; without it, defendant might have little or no testimony highlighting its position. Plaintiff will not suffer any "unfair surprise," because at one point in discovery, she was anticipating Dr. White's deposition. Indeed, plaintiff cannot claim that she is unprepared for this type of testimony, as it is precisely the type of testimony that defendants proffer in personal injury cases.

Plaintiff cannot avoid this relevant, anticipated testimony. Defendant, however, by failing to follow Rule 26, caused plaintiff not to take Dr. White's deposition. That is why I exercised the discretion I have to admit the testimony of Dr. White only as to the information contained in his Jan. 23, 1995 report. *See Silman Custom Painting v. Aetna Life & Casualty Co.*, 990 F.2d 1063, 1068–69 (8th Cir.1993); *Shelak v. White Motor Co.*, 581 F.2d 1155, 1160 (5th Cir.1978); *MacDonald v. United States*, 767 F.Supp. 1295, 1298–99 (M.D.Pa.1991), *aff'd*, 983 F.2d 1051 (3d Cir. 1992).

## III. Conclusion

Plaintiff's request for an adjournment is denied; plaintiff's Rule 41 motion is denied; and plaintiff's motion to exclude Dr. White's expert testimony is granted to the extent that Dr. White is permitted to testify only as to the contents of his January 23, 1995 report.

**SO ORDERED.**