**MERCER TOOL CORP., Plaintiff,**

v.

**FRIEDR. DICK GmbH, Defendant.**

No. CV 96–2152(ADS).

United States District Court,
E.D. New York.

Sept. 16, 1997.

Law Offices of Mark R. Crosby, New York City, for Plaintiff.

Fulbright & Jaworski, LLP by K. Jane Fankhanel, New York City, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This diversity—breach of contract action arises from the claims of the plaintiff, Mercer Tool Corporation ("Mercer" or the "plaintiff"), against the defendant, Friedr. Dick GmbH ("Friedr. Dick" or the "defendant"), for the alleged failure to pay commissions, damages suffered in reliance on the defendant's representations, and violations of the New York Labor Law. Presently before the Court is the plaintiffs motion to dismiss without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) in order to add a non-diverse party defendant and the defendant's cross motion to condition voluntary dismissal upon the plaintiffs payment of defendant's costs, including attorney's fees.

### I. Background

The relevant facts, as alleged in the Complaint, are relatively straightforward. The plaintiff is a New York corporation in the business of selling high quality cutlery and industrial products, with its principal place of business in Deer Park, New York. The defendant is a German corporation which manufactures high quality cutlery with a place business also in Deer Park.

From June 1983 through 1995, the parties maintained a business relationship pursuant to an "Agency Contract and Warehousing Agreement." According to the Complaint, the terms of this agreement entitled Mercer to certain commissions at rates agreed upon by the parties for services rendered, namely warehousing and sales. These rates were modified periodically by the parties. Mercer alleges that during negotiations in 1994 relating to the commission rates, the defendant's president, William Leuze and its Director of Marketing and Sales, Ronald Muller, represented to the plaintiff that Friedr. Dick intended to sign an agreement continuing the parties' relationship for another five years.

According to the plaintiff, in reliance on this representation, Mercer spent more than $50,000 installing a new computer system to handle Friedr. Dick's business. In addition, the plaintiff encouraged the defendant to hire one of Mercer's key employees, William E. Colwin. Finally, in reliance on the expectation of a continuing business relationship between the parties, the plaintiff secured sales contracts with the Culinary Institute of American ("CIA") and Johnson & Wales University ("Johnson & Wales"). The Complaint alleges that Friedr. Dick agreed in writing that Mercer would receive a ten percent commission on all sales made to CIA and a four percent commission on all sales to Johnson & Wales.

On June 30, 1995, the defendant sent written notice to the plaintiff of its intention to terminate the parties' contracts. Since August 1995, the parties have not conducted any business together and the defendant has repeatedly refused to pay the plaintiff the money it is allegedly owed.

Based on these allegations, on May 14, 1996, Mercer filed its Complaint alleging four causes of action for: (1) breach of contract; (2) promissory estoppel; (3) declaratory judgment; and (4) violation of New York Labor Law § 191. Presently before the Court is the plaintiff's motion for voluntary dismissal of this action without prejudice

pursuant to Fed.R.Civ.P. 41(a)(2) in order to add a non-diverse party defendant and the defendant's cross motion to condition voluntary dismissal upon the plaintiff's payment of attorneys' fees.

## II. Discussion

■ Federal Rule of Civil Procedure 41 provides in relevant part:

(a) **Voluntary Dismissal: Effect Thereof.**

\* \* \* \* \* \*

(2) **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2). The decision whether to grant a motion for voluntary dismissal under Rule 41(a)(2) rests with the sound discretion of the trial court. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion"); *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.), *cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990); *Allen v. Indeck Corinth L.P.*, 161 F.R.D. 233, 235 (N.D.N.Y. 1995); *Guzman v. Hazemag, U.S.A., Inc.*, 145 F.R.D. 308, 309 (E.D.N.Y.1993).

■ The primary purpose of Rule 41(a)(2) is to protect the interest of the defendant. *See Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993) (the court must consider prejudice to the opposing party). 8 Moore's Federal Practice § 41.40[5][a] (3d ed.1997). Accordingly, a dismissal without prejudice should be granted under Rule 41(a)(2) where the defendant will not suffer any legal prejudice. *See* *D'Alto*, 100 F.3d at 283 ("[a] voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby' "), quoting, *Wakefield v. Northern Telecom Inc.*, 769 F.2d 109, 114 (2d Cir.1985); *Greguski v. Long Island R.R.*, 163 F.R.D. 221, 224 (S.D.N.Y.1995); *Guzman*, 145 F.R.D. at 309. The prospect of "starting a litigation all over again does not constitute legal prejudice." *D'Alto*, 100 F.3d at 283, citing, *Jones v. Securities & Exchange Commission*, 298 U.S. 1, 19, 56 S.Ct. 654, 659, 80 L.Ed. 1015 (1936); *Greguski*, 163 F.R.D. at 224. Accordingly, courts have recognized that the possibility of commencing another action in state court will not operate as a bar to granting the motion. *See Ahler v. City of New York*, 93 Civ. 0056, 1993 WL 362404 (S.D.N.Y. Sept. 13, 1993) ("[a]llowing the action to proceed in state court is not, however, sufficient ground for denying the motion or for dismissing with prejudice ...."). Consistent with this principle, courts have granted a plaintiff's motion for voluntary dismissal in order to join a non-diverse party, thereby defeating the court's subject matter jurisdiction under 28 U.S.C. § 1332. *See Der v. E.I. DuPont de Nemours & Co.*, 142 F.R.D. 344, 345–46 (M.D.Fla.1992); *O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639, 641 (W.D.Mo.1989). In addition, to protect the defendant's rights the Second Circuit permits the imposition of certain conditions when granting a plaintiff a voluntary dismissal. *See Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (2d Cir.1989) ("[t]he purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice"); *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir.1988).

■ Factors to consider when reviewing a Rule 41(a)(2) motion include: (1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on the plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for a need to dismiss. *D'Alto*, 100 F.3d at 283; *Zagano*, 900 F.2d at 14.

■ Applying these standards, the Court grants the plaintiff's motion for a voluntary dismissal without prejudice pursuant to Fed. R.Civ.P. 41(a)(2). Applying the factors set forth above, the Court finds that the plaintiff has been diligent in bringing this motion, filing it at the early stages of this litigation. Further, there appears to be no "undue vexatiousness" on the plaintiffs part. Mercer brings this motion in order to add a non-diverse party defendant, a permissible objective. *See Der,* 142 F.R.D. at 345–46; *O'Reilly,* 124 F.R.D. at 641. In addition, as previously stated, this lawsuit is in its initial stages, and involves state law claims which will no doubt will be the basis of any state court litigation. Accordingly, the Court finds that, in applying the Zagano factors, as recently reiterated by the Second Circuit in *D'Alto,* voluntary dismissal of this case without prejudice is appropriate and the plaintiff's motion is granted. *See D'Alto,* 100 F.3d at 283; *Zagano,* 900 F.2d at 14.

■ Granting Mercer's motion however, does not end the inquiry. The defendant cross moves to condition the dismissal upon an award of its costs, including attorneys' fees, in the amount of $21,713.79. The possibility of awarding attorneys' fees has been recognized by a number of circuit courts including the Second Circuit. *See Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir.1985) ("[f]ee awards are often made when a plaintiff dismisses a suit without prejudice") (emphasis in original); *see also Belle–Midwest, Inc. v. Missouri Property & Casualty Ins. Guarantee Ass'n,* 56 F.3d 977, 978 (8th Cir. 1995) ("[i]n granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit"); *Marlow v. Winston & Strawn,* 19 F.3d 300, 306 (7th Cir.1994) ("[a]s a general rule, an award of reasonable attorneys' fees, less any fees for work that may be utilized in subsequent litigation of the same claim, is an entirely appropriate condition of dismissal"). The award of such fees is within the discretion of the court. *Marlow,* 19 F.3d at 306.

Applying these standards, the Court may be inclined to award to Friedr. Dick its costs, incurred in this litigation, including attorney's fees with certain limitations. However, several factors prohibit such an award at this juncture. First, the Court recognizes that Freidr. Dick supplied the relevant information in support of such an award, including billing time sheets and an accompanying affidavit, with its reply papers. This action precluded the plaintiff from submitting substantial responsive papers. To act without affording the plaintiff an opportunity to be heard on this subject would be fundamentally unfair.

Second, the lodestar amount, namely the hourly rate sought by the defendant is inconsistent with similar fee awards rendered by this Court. In prior decisions, all of which were affirmed in relevant part by the Second Circuit, this Court has generally awarded the following rates for attorneys' fees: partners, $200 per hour; associates, $135 per hour; and paralegals, $50 per hour. *See Luciano v. Olsten Corp.,* 925 F.Supp. 956, 962–63 (E.D.N.Y.1996), *aff'd,* 109 F.3d 111 (2d Cir. 1997); *Cabrera v. Fischler,* 814 F.Supp. 269, 289 (E.D.N.Y.1993), *aff'd in relevant part,* 24 F.3d 372 (2d Cir.), *cert. denied,* 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994); *Cruz v. Local Union No. 3,* 150 F.R.D. 29, 34–35 (E.D.N.Y.1993), *aff'd in relevant part,* 34 F.3d 1148 (2d Cir.1994); *Nu–Life Constr. Corp. v. Board of Educ.,* 795 F.Supp. 602, 606 (E.D.N.Y.1992), *aff'd in relevant part sub. nom., Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1342–43 (2d Cir.1994). The rates requested by defense counsel appear to be more than $300 per hour for partners and almost $200 per hour for associates. Although the Court is inclined to entertain an application for costs, including attorneys' fees, the rates used by Friedr. Dick do not conform with the Court's view of the lodestar. In addition, both parties should be given an opportunity to present their views as to which costs incurred by the defendant are compensable because the tasks involved will not be used in the future state court action. *See Marlow,* 19 F.3d at 306.

Accordingly, the Court denies the defendant's motion for costs, including attorneys' fees, without prejudice. The defendants may serve a new motion for costs, including attor-

neys' fees, as a separate motion in compliance with this Court's individual rules, thereby providing the plaintiff with an adequate opportunity to respond. The motion papers should address the proposed amount of the award. Further, the defendant is instructed to submit all necessary documents in support of its application with its moving papers. In an effort to expedite resolution of this issue, the parties are instructed to submit an agreed upon briefing schedule to the Court within ten days from the date of this memorandum of decision and order.

### III. *Conclusion*

Having reviewed the parties' submissions, and for the reasons set forth above, it is hereby

ORDERED, that the plaintiff's motion for voluntary dismissal of this case without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2) is granted; it is further

ORDERED, that the defendant's cross motion to condition dismissal of this case on an award of costs, including attorneys' fees, is denied without prejudice and with leave to resubmit; it is further

ORDERED, that this Court will retain jurisdiction over this case for the limited purpose of permitting the defendant to file a separate motion for costs, including attorneys' fees, in compliance with the terms of this memorandum of decision and order; and it is further

ORDERED, that the parties submit an agreed upon briefing schedule for this remaining motion within ten days of the date of this memorandum of decision and order.

SO ORDERED.